TRINETTE G. KENT (State Bar No. 025180)
10645 North Tatum Blvd., Suite 200-192
Phoenix, AZ 85028
Telephone: (480) 247-9644
Facsimile: (480) 717-4781
E-mail: tkent@lemberglaw.com

*Of Counsel to*
Lemberg Law, LLC
A Connecticut Law Firm
1100 Summer Street
Stamford, CT 06905
Telephone: (203) 653-2250
Facsimile: (203) 653-3424

Attorneys for Plaintiff,
Ianezka Naddaf

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Ianezka Naddaf,<br><br>             Plaintiff,<br><br>     vs.<br><br>DriveTime Automotive Group Inc.; and DOES 1-10, inclusive,<br><br>             Defendants. | Case No.:<br><br>**COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

For this Complaint, the Plaintiff, Ianezka Naddaf, by undersigned counsel, states as follows:

## JURISDICTION

1. This action arises out of Defendants' repeated violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, et seq. ("TCPA") and Defendants' repeated invasions of Plaintiff's personal privacy.

2. Original and supplemental jurisdiction exists pursuant to 28 U.S.C. §§ 1331, 1367.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that Defendants transact business here and a substantial portion of the acts giving rise to this action occurred here.

## PARTIES

4. The Plaintiff, Ianezka Naddaf (hereafter "Plaintiff"), is an adult individual residing in 7632 Southside Boulevard. Apartment 163, Jacksonville, Florida, 32256, and is a "person" as the term is defined by 47 U.S.C. § 153(39).

5. The Defendant, DriveTime Automotive Group Inc. (hereafter "DriveTime"), is a company with an address of 4020 East Indian School Road, Phoenix, Arizona 85018, and is a "person" as the term is defined by 47 U.S.C. § 153(39).

6. Does 1-10 (the "Agents") are individual agents employed by DriveTime and whose identities are currently unknown to Plaintiff. One or more of the Agents may be joined as parties once their identities are disclosed through discovery.

7. DriveTime at all times acted by and through one or more of the Agents.

## FACTS

8. Within the last four years, DriveTime began placing calls to Plaintiff's cellular telephone, number [904-XXX-2746] in an attempt to collect a payment.

9. At all times mentioned herein, DriveTime placed calls to Plaintiff's cellular telephone by using an automated telephone dialer system ("ATDS" or "predictive dialer") and/or by using an artificial or prerecorded voice ("Robocalls").

10. On certain occasions, when Plaintiff answers calls from DriveTime, she is met with a period of silence before being connected to a live representative.

11. On other occasions, when Plaintiff answers calls from DriveTime, she is met with a prerecorded message.

12. On or about September 6, 2014, during a live conversation with DriveTime, Plaintiff requested that DriveTime cease all calls to her cellular telephone.

13. Despite Plaintiff's unequivocal request, DriveTime continued calling Plaintiff at an excessive and harassing rate, placing dozens of ATDS and/or Robocalls to Plaintiff's cellular telephone.

## COUNT I

## VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT –

## 47 U.S.C. § 227, et seq.

3

14. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

15. At all times mentioned herein, DriveTime called Plaintiff on her cellular telephone, using an ATDS or predictive dialer and/or by using a prerecorded or artificial voice.

16. DriveTime continued to place ATDS and/or Robocalls to Plaintiff despite her request that the calls stop.  By continuing to place ATDS and/or Robocalls to Plaintiff after knowing that Plaintiff did not want to receive any calls, the calls were made in knowing and/or willful violation of the TCPA and are subject to treble damages pursuant to 47 U.S.C. § 227(b)(3)(C).

17. In expanding on the prohibitions of the TCPA, the Federal Communications Commission (FCC) defines a predictive dialer as "a dialing system that automatically dials consumers' telephone numbers in a manner that "predicts" the time when a consumer will answer the phone and a [representative] will be available to take the call…" *2003 TCPA Order*, 18 FCC 36 Rcd 14022.

18. DriveTime's telephone systems have the earmarks of a predictive dialer.

19. Upon information and belief, DriveTime's telephone system has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator.

4

20. When Plaintiff answered DriveTime's calls, she was met with a period of silence before being connected to a live agent.

21. At other times, Plaintiff was met with prerecorded messages after answering calls from DriveTime.

22. The telephone number called by DriveTime was assigned to a cellular telephone service for which Plaintiff incurs charges for incoming calls pursuant to 47 U.S.C. § 227(b)(1).

23. The calls from DriveTime to Plaintiff were not placed for "emergency purposes" as defined by 47 U.S.C. § 227(b)(1)(A)(i).

24. As a result of each call made in negligent violation of the TCPA, Plaintiff is entitled to an award of $500.00 for each call pursuant to 47 U.S.C. § 227(b)(3)(B).

25. As a result of each call made in knowing and/or willful violation of the TCPA, Plaintiff is entitled to an award of treble damages in an amount up to $1,500.00 pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

## COUNT II

## INVASION OF PRIVACY BY INTRUSION UPON SECLUSION

26. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

27. The Restatement of Torts, Second, § 652(b) defines intrusion upon seclusion as, "One who intentionally intrudes…upon the solitude or seclusion of another, or his

private affairs or concerns, is subject to liability to the other for invasion of privacy, if the intrusion would be highly offensive to a reasonable person."

28. Arizona further recognizes Plaintiff's right to be free from invasions of privacy, thus Defendant violated Arizona state law.

29. Defendant intentionally intruded upon Plaintiff's right to privacy by continually harassing Plaintiff with the above referenced telephone calls.

30. The telephone calls made by Defendants to the Plaintiff were so persistent and repeated with such frequency as to be considered, "hounding the plaintiff," and, "a substantial burden to her existence," thus satisfying the Restatement of Torts, Second, § 652(b) requirement for an invasion of privacy.

31. The conduct of Defendants in engaging in the illegal collection activities resulted in multiple invasions of privacy in such a way as would be considered highly offensive to a reasonable person.

32. As a result of the intrusions and invasions, Plaintiff is entitled to actual damages in an amount to be determined at trial from Defendants.

33. All acts of Defendants and its agents were committed with malice, intent, wantonness, and recklessness, and as such, Defendants are subject to punitive damages.

## **PRAYER FOR RELIEF**

WHEREFORE, the Plaintiff prays that judgment be entered against the Defendants as follows:

A. Statutory damages of $500.00 for each violation determined to be negligent pursuant to 47 U.S.C. § 227(b)(3)(B);

B. Treble damages for each violation determined to be willful and/or knowing pursuant to 47 U.S.C. § 227(b)(3)(C);

C. Actual damages;

D. Punitive damages; and

E. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

DATED: October 14, 2014          LEMBERG LAW, LLC


                                  By: /s/ Trinette G. Kent
                                  Trinette G. Kent

                                  Attorney for Plaintiff,
                                  Ianezka Naddaf